## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SUBPOENA TO RAJVEEN NARENDRAN, as issued in** | |
| **GENERAL ACCESS SOLUTIONS, LTD.,** | |
| **Plaintiff** | **Case No. 20-mc-213-JAR-TJJ** |
| **v.** | Case Pending in the United States District Court for the Eastern District of Texas |
| **SPRINT SPECTRUM L.P., SPRINTCOM, INC., AND ASSURANCE WIRELESS USA, L.P.,** | Case No. 2:20-CV-00007-RWS |
| **Defendants.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Sprint Spectrum L.P., Sprintcom, Inc., and Assurance Wireless USA, L.P.'s Motion to Quash Plaintiff General Access Solutions, Ltd.'s Deposition Subpoena to Rajveen Narendran (ECF No. 1).  The Court will refer to Defendants collectively as "Sprint" and to Plaintiff as "General Access" throughout this Memorandum and Order.  Sprint seeks an order quashing a Rule 45 subpoena served on its former employee, Rajveen Narendran, by General Access.  As set forth below, the Court grants the motion.

I.      **Relevant Background**

This case arises out of a discovery dispute in patent litigation pending in the United States District Court for the Eastern District of Texas.  As is proper under Fed. R. Civ. P. 45(a)(2), the Eastern District of Texas issued a subpoena for Mr. Narendran, with an address in Olathe, Kansas.  The subpoena directed Mr. Narendran to appear remotely for a deposition six

days later.  Sprint filed this motion to quash, claiming untimely notice and undue burden.  The sequence of relevant events is as follows:

- November 11, 2020:  General Access[1] first requested that Sprint produce Mr. Narendran for deposition, after Sprint's 30(b)(6) witness identified Mr. Narendran as the person who could best answer General Access's questions on certain topics.

- November 13, 2020:  Sprint informed General Access that Mr. Narendran would not be made available because (1) his current workload was too heavy to make him available before the close of discovery on December 1; (2) his testimony would be largely duplicative of two other witnesses; (3) Sprint did not intend to bring Mr. Narendran to trial; and (4) Sprint had disclosed Mr. Narendran as early as December 6, 2016, and again on April 10, 2020, making it unreasonable that General Access failed to request his deposition until shortly before the close of discovery.

- November 15, 2020:  General Access responded by email, explaining why it believed Mr. Narendran's deposition was necessary—because Sprint had not adequately prepared its Rule 30(b)(6) designee.  General Access offered to be flexible with scheduling and agreed to take no more than a half day with the deposition.

- November 18, 2020:  Sprint emailed General Access back, reiterating its objections and informing General Access that it would prepare a separate witness to address the relevant topics.  Sprint also informed General Access that December 4 was to be Mr. Narendran's last day of employment at Sprint.

---

[1] Of course, the actions referenced here were taken by and through counsel for both parties.  For ease of reference and to avoid confusion, the Court refers to the actors as the parties instead of counsel.

- <u>November 20, 2020:</u>  By email, General Access maintained that it needed to depose Mr. Narendran and indicated amenability to postponing the deposition until shortly after the close of discovery.   General Access inquired whether defense counsel would represent Mr. Narendran, or whether General Access would need to subpoena him.

- <u>November 24, 2020:</u>  General Access served a subpoena on Mr. Narendran, to appear remotely for his deposition on November 30.

- <u>November 25, 2020:</u>  The parties spoke on the phone.  Following the phone call, General Access emailed Sprint and suggested limiting Mr. Narendran's deposition to 1.5 hours and pushing the deposition to December 1, 2, or 3.  Sprint emailed General Access, advising that Sprint would be moving to quash the deposition.

- <u>November 26, 2020:</u>  Thanksgiving Day

- <u>November 27, 2020:</u>  General Access reiterated its offer to keep Mr. Narendran's deposition to 1.5 hours and offered to defer the deposition until after December 4.

- <u>November 30, 2020:</u>  Sprint filed the instant motion to quash.

- <u>December 1, 2020:</u>  Fact discovery in the case closed.

- <u>December 4, 2020:</u>  Mr. Narendran's employment with Sprint ended.

Given this backdrop, the Court finds the parties have complied with the requirements of D. Kan. R. 37.2.

## II.    Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[2]  Non-parties responding to Rule 45

---

[2] Fed. R. Civ. P. 45(d)(1).

subpoenas generally receive heightened protection from discovery abuses.[3]

Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "fails to allow a reasonable time to comply" and when the subpoena "subjects a person to undue burden."[4]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[5]  In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena.  Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[6]  Sprint does not challenge the relevancy of the testimony General Access seeks, and the Court finds the topics relevant without further discussion.

Because this is the District where compliance is required, Sprint properly filed the motion

---

[3] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[4] Fed. R. Civ. P. 45(d)(3)(A)(i), (iv).

[5] *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[6] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

here.[7]  And this Court applies its own local rules in reviewing the subpoena.[8]

## III.    Analysis

As a preliminary matter, the Court finds Sprint has standing to move to quash the

Narendran subpoena.[9]  Generally, only the party or person to whom the subpoena is directed has

standing to move to quash or otherwise object to a subpoena.[10]  "A motion to quash or modify a

subpoena duces tecum may only be made by the party to whom the subpoena is directed except

where the party seeking to challenge the subpoena has a personal right or privilege with respect

to the subject matter requested in the subpoena."[11]  Mr. Narendran was still employed as Sprint's

Manager of Telecom Design Engineering, presumably as a "managing agent" under Fed. R. Civ.

P. 30(b)(1), when served with the subpoena at issue.  The subpoena set Mr. Narendran's

deposition for a date while he was still employed by Sprint.  And General Access seeks

information that Mr. Narendran possesses as a result of his employment, and that Sprint has a

---

[7] *See* Fed. R. Civ. P. 45(d)(3)(A); *hibu Inc. v. Peck*, No. 16-CV-1055-JTM-TJJ, 2017 WL 2985751, at *1 (D. Kan. July 13, 2017) ("While subpoenas must be issued from the court where the action is pending, the authority to quash or modify the subpoena remains with the court for the district where compliance is required.").

[8] *See, e.g.*, *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *3 (D. Kan. Jan. 12, 2016) (applying D. Kan. R. 37.1 to a motion to compel compliance with a subpoena issued from another district and determining that the movant had shown good cause for filing the motion beyond the 30-day period); *Domanski v. Gen. Parts Distribution LLC*, No. 13-CV-00471-RBJ-BNB, 2013 WL 1127119, at *1–2 (D. Colo. Mar. 18, 2013) (applying District of Colorado local rule to subpoena notice requirements when underlying case was in North Carolina).

[9] General Access did not raise standing in opposition to Sprint's motion, but the Court has a duty to examine its jurisdiction, regardless of whether a party challenges it.

[10] *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).

[11] *Id.*

5

personal right in.  This right gives Sprint standing to object to the issuance of the subpoena.

Sprint's first argument is that General Access did not give reasonable notice of the deposition.  General Access served Mr. Narendran with the subpoena six days before the deposition was scheduled.  More specifically, General Access served Narendran on Tuesday of the week of Thanksgiving, for a deposition the Monday after Thanksgiving.  This left Sprint and Mr. Narendran only 1-2 business days to prepare (depending on whether the Friday after Thanksgiving is treated as a holiday).  Rule 45(d)(3)(A)(i) of the Federal Rules of Civil Procedure requires courts to quash subpoenas that "fail[] to allow a reasonable time to comply." Likewise, Fed. R. Civ. P 30(b)(1) requires "reasonable written notice" to all parties of depositions.  The Rules don't define the amount of time that is "reasonable," but the District of Kansas has specified by Local Rule that "[t]he reasonable notice provided by Fed. R. Civ. P. 30(b)(1) for the taking of depositions is seven days."[12]  The Court may enlarge this time for good cause, but here General Access has not asked for relief under D. Kan. R. 30.1.  Judges in the District of Kansas have construed Rule 30.1's definition of reasonable notice fairly strictly.[13]

Here, the Court finds General Access's notice insufficient—both because it did not comply with Rule 30.1's seven-day deadline, but also because it was not reasonable under the

---

[12] D. Kan. R. 30.1.

[13] *See, e.g.*, *Abilene Retail #30, Inc. v. Bd. of Cty. Comm'rs of Dickinson Cty., Kan.*, No. 04-2330-JWL, 2005 WL 8160316, at *1 (D. Kan. Aug. 4, 2005) (JPO) (finding three business days' notice inadequate when Rule 30.1 required five days);  *Zhou v. Pittsburg State Univ.*, No. CIV.A. 01-2493-KHV, 2003 WL 221782, at *8 (D. Kan. Jan. 29, 2003), *opinion vacated in part on reconsideration,* 252 F. Supp. 2d 1194 (D. Kan. 2003), *aff'd sub nom. Wei-Kang Zhou v. Pittsburg State Univ.*, No. 03-3273, 2004 WL 1529252 (10th Cir. July 8, 2004) (upholding magistrate judge's ruling that three days' notice was insufficient when Rule 30.1 required five days); *Horsewood v. Kids R Us*, No. CIV.A. 97-2441-GTV, 1998 WL 892667, at *1 (D. Kan. Dec. 10, 1998) (finding notice to be one day short of Rule 30.1's requirement).

Federal Rules of Civil Procedure.  General Access knew of the potential need to depose Mr.

Narendran well before November 24, 2020; indeed, General Access was trading emails with

Sprint for nearly two weeks before subpoenaing him.  While the Court commends the parties

insofar as they tried to work out their differences, the fact is that discovery was about to close

and the week before the discovery deadline was a holiday week.  Time was of the essence.  Yet

General Access only gave 1-2 business days' notice during the week of Thanksgiving, when

schedules are typically busy with holiday and family commitments.  Furthermore, Mr. Narendran

was in his last two weeks as an employee of Sprint, busy working to integrate networks and

transition responsibilities.  Under these circumstances, the notice was not reasonable.

Additionally, General Access doesn't even acknowledge D. Kan. Rule 30.1, much less attempt to

show good cause for giving less than the requisite seven days' notice.  Relief from the subpoena

under Rule 45(d)(3)(A)(i) is justified, and the Court grants Sprint's motion on this basis.

The Court addresses Sprint's second argument only briefly, as analysis is unnecessary to

rule the motion.  Sprint asks the Court to quash the subpoena because compliance would be

unduly burdensome.  But showing undue burden requires "a particular and specific

demonstration of fact, as distinguished from stereotyped and conclusory statements."[14]  "At a

minimum, the nonparty must provide a 'detailed explanation as to the nature and extent of the

claimed burden or expense.'"[15]

---

[14] *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 243598, at *5 (D. Kan. Jan. 16, 2020) (quoting *Ensminger v. Credit Law Ctr., LLC*, No. 19-2147-JWL-JPO, 2019 WL 6327421, at *3 (D. Kan. Nov. 26, 2019)).

[15] *Id.*; *see also In re Subpoena of Justin Works*, No. 18-2637-DDC-TJJ, 2018 WL 6725385, at *3 (D. Kan. Dec. 21, 2018) ("Movant contends that complying with the subpoena would be unduly burdensome, but the only burden he describes is the amount of time he would have had to

Sprint failed to meet this standard.  Sprint offers no affidavit with facts demonstrating the burden Mr. Narendran (or Sprint) would suffer.  Conclusory allegations of a busy schedule do not suffice, nor do Sprint's arguments that Mr. Narendran's testimony would be cumulative and duplicative of testimony General Access could obtain from other witnesses.  Sprint's final argument that Mr. Narendran's testimony must not be important to General Access, because General Access waited so long to request it, is likewise unpersuasive.  Rule 45(d)(3)(A)(iv) does not provide authority for relief from the subpoena.  Because Rule 45(d)(3)(A)(i) does, however, the Court grants Sprint's motion.

**IT IS HEREBY ORDERED** that Sprint Spectrum L.P., Sprintcom, Inc., and Assurance Wireless USA, L.P.'s Motion to Quash Plaintiff General Access Solutions, Ltd.'s Deposition Subpoena to Rajveen Narendran (ECF No. 1) is granted.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2021 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

comply.  He offers no affidavit with facts demonstrating the burden he would suffer, but merely makes a conclusory assertion.").

8